## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Vicki Elder, individually and on behalf of all others similarly situated, | 3:21-cv-00637 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Bimbo Bakeries USA, Inc., | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Bimbo Bakeries USA, Inc. ("defendant") manufactures, markets, labels and sells "All Butter Loaf Cake," purporting to be made with butter and not butter substitutes under its Entenmann's brand ("Product").





2.      Defendant's website states "[i]ndulge yourself with the rich taste of pure butter in our All Butter loaf."

## ALL BUTTER LOAF CAKE

Indulge yourself with the rich taste of pure butter in our All Butter loaf.

3.      "All Butter" tells consumers that no butter alternatives or substitutes will be used in the Product where butter is capable of being used.

4.      When consumers see a food represented as "[Golden] Butter [Crackers]," they will logically understand that a "butter cracker" is a type of cracker.

5.      The meaning of compound words is greater than the sum of its parts, such that "butter cracker" does not mean "a cracker made with butter" but a cracker which is all or predominantly

2

made with butter.

6.     This means that wherever butter could be used in the Product, it would be used instead of using its synthetic substitutes, vegetable oils.

7.     The Product name is misleading because it contains a non-de minimis amount of vegetable oil, more than expected given the absence of any qualification of "All Butter."

8.     The Product's name, "All Butter Loaf Cake," is deceptive and misleading to consumers because it gives the false impression it has more butter than it does.

9.     The most common butter substitutes are vegetable oils, which are the main components of oleomargarine, or margarine.

## I.     "ALL BUTTER LOAF CAKE" MISLEADING DUE TO BUTTER SUBSTITUTES

10.     The name "All Butter Loaf Cake" is misleading because even though it contains butter, it contains non-butter vegetable (soybean) oil ingredients.

INGREDIENTS: SUGAR, BLEACHED WHEAT FLOUR, EGGS, BUTTER, NONFAT MILK, WATER, FOOD STARCHMODIFIED (CORN), SOYBEAN OIL, LEAVENING (SODIUM ACID PYROPHOSPHATE, BAKING SODA, MONOCALCIUM PHOSPHATE), GLYCERIN, SALT, SORBITAN MONOSTEARATE, ARTIFICIAL FLAVORS, POTASSIUM SORBATE (PRESERVATIVE), POLYSORBATE 60, XANTHAN GUM, MONO- AND DIGLYCERIDES, PHOSPHORIC ACID, CELLULOSE GUM, SOY FLOUR, COCONUT FLOUR.                                                                      R19-310
CONTAINS WHEAT, SOY, MILK, EGG, COCONUT.

**INGREDIENTS:** SUGAR, BLEACHED WHEAT FLOUR, EGGS, BUTTER, NONFAT MILK, WATER, FOOD STARCH-MODIFIED (CORN), SOYBEAN OIL, LEAVENING (SODIUM ACID PYROPHOSPHATE, BAKING SODA, MONOCALCIUM PHOSPHATE), GLYCERIN, SALT, SORBITAN MONOSTEARATE, ARTIFICIAL FLAVORS, POTASSIUM SORBATE (PRESERVATIVE), POLYSORBATE 60, XANTHAN GUM, MONO- AND DIGLYCERIDES, PHOSPHORIC ACID, CELLULOSE GUM, SOY FLOUR, COCONUT FLOUR.

11.     Consumers prefer butter to vegetable oils (margarine) for multiple reasons.

12.     Long established FDA guidance reflects consumer appreciation for butter.

13.     The FDA recommends that where a food is labeled "Butter _____" or uses the word "butter" in conjunction with its name, reasonable consumers will expect all the shortening

and flavoring comes from real butter.[1]

14.     To the extent the soybean oil is claimed to be used not as a shortening ingredient but for another purpose, such as coating a pan prior to baking, such an argument would be misleading.

15.     This is because a high amount of vegetable oil is used ostensibly only for coating the pan, but it will necessarily become part of the finished product after it is baked.

16.     First, butter is a natural food, because it is made by churning cow's milk.

17.     Second, vegetable oils are subjected to hydrogenation and interesterification, in the presence of chemical catalysts such as nickel.

18.     Third, butter is rich in nutrients like calcium and Vitamins A and D.

19.     In contrast, vegetable oils contain harmful trans-fats.

20.     Fourth, butter is known for its creamy, sweet taste.

21.     While vegetable oils like those in the Product are typically "refined, bleached and deodorized," to supposedly provide a neutral taste, the reality is different.

22.     Vegetable oils, such as soybean oil, are highly susceptible to oxidation.

23.     The result is "reversion" of the flavor back to the original crude oil before it was refined, bleached and deodorized.

24.     The flavor produced is described as "beany," ""powdery" or "fishy."

25.     The added soybean oil detracts from the taste of the Product and causes the natural butter taste to be pushed to the background.

26.     To describe a food's taste as "buttery" is a compliment, which refers to a light and

---

[1] Compliance Policy Guide ("CPG"), Sec 505.200, "Butter" Featured in Product Name, Center for Food Safety and Applied Nutrition, Office of Regulatory Affairs, March 1988 ("If the product contains both butter and shortening but a sufficient amount of butter to give a characteristic butter flavor to the product, an appropriate name would be 'butter flavored _____'… if the product contains any artificial butter flavor it would have to be labeled in compliance with 21 CFR 101.22(i)(2).").

fluffy texture, while "oily," as in "vegetable oil," describes a product with a waxy mouthfeel which leaves an aftertaste.

27.    Fifth, butter creates a cake that is softer and less dense than one using vegetable oils, because butter is solid at room temperature.

28.    Butter adds fat and moisture which contributes to a pound cake's moist and sturdy structure and texture.

29.    Vegetable oils reduce the fat content which provides a weaker and drier structure and texture, resulting in a pound cake that is less dense and less airy.

30.    Sixth, butter is more expensive than vegetable oils, which enables Defendant to charge a premium price.

31.    However, consumers do not get what they pay for because the use of soybean oil results in the use of less butter.

## II.    ADDED ARTIFICIAL BUTTER FLAVOR GIVES FALSE IMPRESSION OF MORE BUTTER

32.    Butter contains more than 230 volatile compounds which contribute to its unique and desirable natural flavor.

33.    To give consumers the impression the Product contains more butter than it does and to overwhelm the distinctly non-butter taste from the vegetable oils, Defendant adds artificial flavors which simulates the natural compounds found in butter.

INGREDIENTS: SUGAR, BLEACHED WHEAT FLOUR, EGGS, BUTTER, NONFAT MILK, WATER, FOOD STARCHMODIFIED (CORN), SOYBEAN OIL, LEAVENING (SODIUM ACID PYROPHOSPHATE, BAKING SODA, MONOCALCIUM PHOSPHATE), GLYCERIN, SALT, SORBITAN MONOSTEARATE, ARTIFICIAL FLAVORS, POTASSIUM SORBATE (PRESERVATIVE), POLYSORBATE 60, XANTHAN GUM, MONO- AND DIGLYCERIDES, PHOSPHORIC ACID, CELLULOSE GUM, SOY FLOUR, COCONUT FLOUR.                                                R19-310
CONTAINS WHEAT, SOY, MILK, EGG, COCONUT.

**INGREDIENTS:** SUGAR, BLEACHED WHEAT FLOUR, EGGS, BUTTER, NONFAT MILK, WATER, FOOD STARCH-MODIFIED (CORN), SOYBEAN OIL, LEAVENING (SODIUM ACID PYROPHOSPHATE, BAKING SODA, MONOCALCIUM PHOSPHATE), GLYCERIN, SALT, SORBITAN MONOSTEARATE, ARTIFICIAL FLAVORS, POTASSIUM SORBATE

5

(PRESERVATIVE), POLYSORBATE 60, XANTHAN GUM, MONO- AND DIGLYCERIDES, PHOSPHORIC ACID, CELLULOSE GUM, SOY FLOUR, COCONUT FLOUR.

34.     These artificial flavors are made from synthetic sources such as benzene and petroleum byproducts and through chemical reactions. *See* 21 C.F.R. § 101.22(a)(1).

35.     Analytical testing of the Product in 2020 and 2021 revealed the Product contains artificial butter flavors, including diacetyl (2,3-butanedione), butanoic acid and acetoin.

36.     The testing also detected high levels of vanillin as part of the artificial flavor.

37.     Vanillin is made from petroleum products such as guaiacol, and is used to provide a "sweet, creamy" taste, characteristics central to a real butter taste.

38.     While these compounds are found in natural foods, the high levels at which they were observed is only possible if they were added in their synthetic form.

39.     The lab analysis failed to detect critical odor-active compounds in butter, such as the many aldehydes.

40.     Defendant does not deny the Product contains artificial flavors but fails to tell consumers that these flavors give the impression the Butter Loaf Cake has more butter than it does.

41.     FDA regulations, identical to those adopted by Illinois, require that where a food contains artificial flavor that "simulates, resembles or reinforces the characterizing flavor," the front label is required to, but does not, tell consumers it is "Artificially Flavored." 21 C.F.R. § 101.22(i)(2).

42.     Reasonable consumers are not capable of determining that the Product contains artificial butter flavors.

43.     Artificial butter flavors like diacetyl are classified by OSHA as a key contributor to adverse health effects, such as bronchiolitis obliterans, a rare and life-threatening form of non-reversible obstructive lung disease.

44.    Exposure to diacetyl has been linked to increased rates of Alzheimer's Disease.

45.    At least seven out of ten consumers avoid artificial flavors due to these types of negative health effects.

46.    Consumers are accustomed to labels which truthfully disclose where a food labeled as "Butter _____ " gets its taste from real butter or artificial butter flavor.

47.    For example, cookies and biscuits which tout "butter" conspicuously disclose that their butter taste is from artificial flavor.





48.    Snacks that emphasize "butter" truthfully tell consumers that their butter taste is not from butter but from artificial butter flavors.

 

49.     Cake mix described as "Butter Golden" tells consumers its butter taste is because it

is "Artificially Flavored" to imitate butter instead of from butter.



50.    Most significantly, competitor brands of butter pound cake truthfully disclose that even though it is "Made With Real Butter," its butter taste is enhanced because it is "[Naturally &] Artificially Flavored."



51.    Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes and features of the Product, relative to itself and other comparable products or alternatives.

52.    The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

53.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

54.    Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

55.    The Product is sold for a price premium compared to other similar products, $3.99

per 11.5 OZ, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

Jurisdiction and Venue

56.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

57.     Upon information and belief, the aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

58.     Plaintiff Vicki Elder is a citizen of Illinois.

59.     Defendant Bimbo Bakeries USA, Inc. is a Delaware corporation with a principal place of business in Horsham, Montgomery County, Pennsylvania.

60.     The parties are citizens of different states.

61.     Venue is in this district because a substantial part of the events or omissions giving rise to the claim occurred here, Plaintiff's purchase and awareness that the representations were misleading.

Parties

62.     Plaintiff Vicki Elder is a citizen of Belleville, Saint Clair County, Illinois.

63.     Defendant Bimbo Bakeries USA, Inc., is a Delaware corporation with a principal place of business in Horsham, Pennsylvania, Montgomery County.

64.     Defendant is the world's largest producer of baked goods and is owned by a Mexican conglomerate.

65.     Defendant owns the Entenmann's brand which is known for the highest quality ingredients.

66.     Plaintiff bought the Product on one or more occasions within the statute of limitations

10

for each cause of action alleged, from stores including Walmart, 2608 Green Mount Commons Drive Belleville IL 62221, between 2019 and 2021.

67.    Plaintiff bought the Product at or exceeding the above-referenced price.

68.    Plaintiff relied on the representations identified here.

69.    Plaintiff prefers butter to butter substitutes and avoids butter substitutes like vegetable oils.

70.    Plaintiff did not expect that a loaf cake advertised as "All Butter" would have the one ingredient which is the opposite of butter – vegetable oils.

71.    Plaintiff did not expect artificial butter flavors.

72.    Plaintiff would not have purchased the Product if she knew the representations were false and misleading.

73.    Plaintiff chose between Defendant's Product and other similar products which were represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the claims made by Defendant.

74.    The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

75.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition.

<u>Class Allegations</u>

76.    The class will consist of Illinois and Wisconsin residents who purchased the Product during the statutes of limitations for each cause of action alleged.

77.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

78.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

79.    Plaintiff is an adequate representative because her interests do not conflict with other members.

80.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

81.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

82.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

83.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act</u>
<u>("ICFA"), 815 ILCS 505/1, et seq.</u>

<u>(Consumer Protection Statute)</u>

84.    Plaintiff incorporates by reference all preceding paragraphs.

85.    Plaintiff and class members desired to purchase a product which contained only butter where butter could be used based on the label of "All Butter" and did not contain artificial butter flavors.

86.    Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

87.    Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

88.    Plaintiff relied on the representations.

89.    Plaintiff and class members would not have purchased the Product or paid as much

if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

90.    The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it contained only butter where butter could be used based on the label of "All Butter" and did not contain artificial butter flavors.

91.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

92.    This duty is based on Defendant's outsized role in the market for this type of Product.

93.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

94.    Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices.

95.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

96.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

97.    Defendant had a duty to truthfully represent the Product, which it breached.

98.    This duty is based on defendant's position, holding itself out as having special knowledge and experience this area.

99.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

100.  Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

101.  Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

102.  Defendant misrepresented and/or omitted the attributes and qualities of the Product, that they contained only butter where butter could be used based on the label of "All Butter" and did not contain artificial butter flavors

103.  Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

Unjust Enrichment

104.  Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

 **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

14

applicable laws;

4.  Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   June 20, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com