IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKI ELDER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:21-cv-637-DWD ) ) |
| BIMBO BAKERIES USA, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Vicki Elder brings this putative class action against Defendant Bimbo Bakeries USA, Inc., alleging that Defendant deceptively labelled one of its food products. Elder brings a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA") and claims for breach of warranty, negligent misrepresentation, fraud, and unjust enrichment. Defendant filed a motion to dismiss the complaint for failure to state a claim. (Doc. 7). The motion has been fully briefed and is ripe for decision. (Docs. 7, 13 & 18). For the following reasons, the motion is due to be granted in part and denied in part.

**I. FACTUAL BACKGROUND**

Defendant manufactures, labels, markets, and sells a cake labelled "All Butter Loaf Cake" under its Entenmann's brand. (Doc. 1 at 1). According to the cake's ingredients label, it contains butter, soybean oil, and artificial flavors among other ingredients. (Doc. 1 at 3). Elder alleges that the label "All Butter Loaf Cake" is misleading because the

soybean oil acts as a shortening ingredient and thus a butter substitute and the artificial flavors enhance the cake's buttery taste and cover the non-buttery flavor of the soybean oil. Together, the soybean oil and artificial flavors give consumers the impression that the cake contains more butter than it actually does. Elder claims that had she not been misled by the "All Butter Loaf Cake" label, she would have purchased fewer cakes or paid less for them. (Doc. 1 at 9).

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)). The court will accept all well-pleaded allegations as true. *Iqbal*, 556 U.S. at 678. However, the court will not accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751–

52 (internal quotations and citation omitted).

### III.  ANALYSIS

**A.        Plausibility**

To bring an ICFA claim, Elder must allege conduct that plausibly could deceive a reasonable consumer in light of all the information available to the consumer. *See Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). This standard requires a "practical and fact-intensive approach to consumer behavior." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 478 (7th Cir. 2020). Thus, how reasonable consumers would interpret an ambiguous food label is typically a question of fact that should not be decided on the pleadings. *See id.* at 483. But "a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001)).

The allegedly deceptive label reads, "All Butter Loaf Cake." The most literal interpretation of this label is that the entire cake is made purely of butter. Clearly, that interpretation is unreasonable. Instead, Elder alleges that a reasonable consumer would interpret the label to mean that "all the shortening and flavoring comes from real butter" and "no butter alternatives or substitutes will be used in the Product where butter is capable of being used." (Doc. 1 at 2–4). This reasonable consumer would be deceived, because as Elder alleges, soybean oil provides some of the shortening function and artificial flavors provide additional flavoring. (Doc. 1 at 3 & 6).

Defendant argues that Elder has failed to plausibly allege (1) that soybean oil

3

provides some of the shortening function and (2) that the label reasonably implies that the cake contains no artificial flavors. Defendant claims that the soybean oil is used only to create a crack along the top of the cake, not as shortening. (Doc. 7 at 7). But this is a factual assertion that contradicts Elder's claims. For purposes of the motion to dismiss, the Court must accept as true Elder's claims that the soybean oil is used as a shortening ingredient or for another purpose for which butter could have been used. (Doc. 1 at 4).

As to artificial flavors, both parties agree that butter has something to do with the flavor of the cake. Thus, the Court cannot say that no reasonable consumer would interpret the phrase "All Butter" as further implying the absence of artificial flavors. The phrase "All Butter" is subject to different plausible interpretations and is therefore ambiguous. *See Boswell v. Bimbo Bakeries USA, Inc.*, No. 20-cv-8923, 2021 WL 5144552, at *3 (S.D.N.Y. Nov. 4, 2021) (finding that the "All Butter Loaf Cake" label is ambiguous). The interpretation of this ambiguous label is a question of fact that the Court will not decide on the pleadings. *See Bell*, 982 F.3d at 483. The Court finds that Elder has plausibly alleged deception under ICFA.

**B.      Preemption**

Defendant also argues that Elder's ICFA claim is preempted by the Food, Drug, and Cosmetic Act ("FDCA"). The FDCA prohibits states from "directly or indirectly establish[ing] under any authority . . . any requirement for a food which is the subject of a standard of identity . . . that is not identical to such standard of identity or that is not identical to the requirement of section 343(g)" of the FDCA. 21 U.S.C. § 343-1(a)(1). One such requirement is that if a food "contains any artificial flavor which simulates,

4

resembles or reinforces the characterizing flavor," the word(s) "artificial" or "artificially flavored" must be placed next to the name of the food on the label. 21 C.F.R. § 101.22(i)(2). The FDCA does not create a private right of action to enforce its standards. *Turek v. General Mills, Inc.*, 662 F.3d 423, 426 (7th Cir. 2011). And both parties agree that a plaintiff cannot use an FDCA violation as the predicate for an ICFA violation. (Docs. 7 at 10 & 13 at 21 (citing *Stemm v. Tootsie Roll Indus., Inc.*, 374 F. Supp. 3d 734, 742 (N.D. Ill. 2019)).

While Elder does reference FDA regulations in her complaint, her complaint is not "entirely predicated" on them as Defendant argues. (Doc. 7 at 11). Remove all references to the FDCA and FDA regulations from her complaint and Elder has still stated a plausible claim that the cake's label is deceptive under ICFA. And Elder is not trying to enforce standards different from those of the FDCA and FDA regulations. The complaint indicates that FDA regulations would require Defendant to add "Artificially Flavored" to the cake's label. (Doc. 1 at 6). Defendant argues that the regulations do not require such a designation in this case because butter is not the characterizing flavor of the cake. The characterizing flavor is the "primary recognizable flavor(s)" represented on the food's label. 21 C.F.R. § 101.22(i). Defendant may be correct that simply naming an ingredient on a label does not always make that ingredient a characterizing flavor. But the cake's label names only one specific ingredient and only one flavor of any kind: butter. (Doc. 1 at 1). Elder has plausibly alleged that butter is the characterizing flavor of the cake. (Doc. 1 at 6). Taking Elder's well-pleaded facts as true, she is not seeking a food label requirement inconsistent with FDA regulations.

Finally, Defendant argues that the phrase "All Butter" is similar to the phrase

"made with real butter," which FDA regulations state is not a nutrient-content claim, and would therefore not be subject to nutrient-content claim regulations. (Doc. 7 at 14). But even if Defendant is correct, its argument is irrelevant. The complaint never invokes the FDA's nutrient-content claim regulations. In fact, the only regulations cited in the complaint are the rules in 21 C.F.R. § 101.22 regarding the labelling of artificial flavors. For these reasons, the Court finds that Elder's ICFA claim is not preempted by the FDCA.

C.   **Injunctive Relief**

Elder seeks injunctive relief requiring Defendant to correct the misleading label. (Doc. 1 at 14). Defendant argues that Elder lacks standing to seek injunctive relief because she is now aware of the allegedly deceptive nature of the label. (Doc. 7 at 16–17). A plaintiff must meet three requirements to establish that she has standing to bring a lawsuit: (1) injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) redressability. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]o establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights . . . ." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); *see also Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 909 N.E.2d 848, 858 (Ill. App. Ct. 2009) ("To be eligible for injunctive relief under the Deceptive Practices Act, a plaintiff must show the defendant's conduct will likely cause it to suffer damages in the future.").

Defendant allegedly injured Elder by using a label that actually deceived her. However, now that she is aware of the deception, it is unlikely Elder will be duped again.

*See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("Since [plaintiff] is now aware of [defendant's] sales practices, [plaintiff] is not likely to be harmed by the practices in the future."). Elder argues that she faces an imminent threat of future harm because she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition." (Doc. 13 at 28 (quoting Doc. 1 at 11)). But merely purchasing the cake does not trigger Elder's injury. Her injury lies in purchasing the cake under the influence of a deceptive label. There is no chance she will be tricked again by "All Butter Loaf Cake" because she now knows a quick look at the ingredients label will reveal the cake's true composition. Therefore, the complaint fails to allege a real and immediate threat of future violations of her rights. Elder's claims are due to be dismissed to the extent they seek injunctive relief.

**D.      Negligent Misrepresentation**

The elements of negligent misrepresentation are

> (1) a false statement of a material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information.

*Capiccioni v. Brennan Naperville, Inc.*, 791 N.E.2d 553, 562 (Ill. App. Ct. 2003). Illinois law generally does not permit a negligence action for recovery of economic loss alone. *Clay Fin. LLC v. Mandell*, No. 16 C 11571, 2017 WL 3581142, at *4 (N.D. Ill. Aug. 18, 2017) (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443 (Ill. 1982)). However, there are exceptions when (1) the defendant intentionally made false representations or (2) the

7

defendant made negligent misrepresentations while "in the business of supplying information for the guidance of others in their business transactions." *Id.* (quoting *Moorman Mfg. Co.*, 435 N.E.2d at 452).

Only the first exception applies here. The complaint alleges that Defendant acted with "fraudulent intent [as] evinced by its knowledge that the Product was not consistent with its representations." (Doc. 1 at 14). As Elder points out, intent may be alleged generally. Fed. R. Civ. P. 9(b). Thus, Elder has sufficiently alleged that Defendant intentionally labelled the cake in a deceptive manner. The second exception applies to businesses that deal in commercial information (e.g., accountants, real estate inspectors, and stockbrokers), not tangible products such as cakes. *See GoHealth, LLC v. Simpson*, No. 13 C 2334, 2013 WL 6183024, at *11 (N.D. Ill. Nov. 26, 2013). For these reasons, Elder has sufficiently pleaded negligent misrepresentation.

E.    **Breach of Warranty**

Defendant argues that Illinois law requires a plaintiff to provide a defendant with notice of a breach of warranty before bringing a breach of warranty claim. 810 ILCS 5/2-607(3)(a). Defendant asserts that Elder did not provide pre-suit notice of her breach of warranty claims. Elder argues that the filing of this action in June 2021 was notice enough. She is wrong. "Only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint stating a breach of warranty action against the seller." *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 590 (Ill. 1996). Elder claims only economic loss, not personal injury, so merely filing suit is not sufficient notice.

Elder also argues that notice is not required when the defendant has actual

knowledge of the defect. She asserts that Defendant knew that its cakes contained soybean oil and conceded as much in its motion to dismiss. (Doc. 13 at 23). However, the seller must know more than just the facts constituting the breach; the seller must know of the buyer's claims that those facts constitute a breach. *Connick*, 675 N.E.2d at 590. Thus, a manufacturer's knowledge of its own ingredients does not constitute actual knowledge of the defect. *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *3 (N.D. Ill. Jan. 18, 2018). Therefore, Defendant did not have actual knowledge of the alleged breaches of warranty merely because it was aware of the ingredients in its cakes.

In a final effort to establish notice, Elder points to allegations in the complaint claiming that she "provided or will provide notice" and that "Defendant received notice . . . due to complaints by regulators, competitors, and consumers, to its main offices." (Doc. 1 at 13). Elder undermines her bare assertion that she provided notice by adding an alternative—"or will provide notice"—and by her arguments in response to the motion to dismiss, which strongly suggest she never provided notice beyond the filing of the lawsuit. Without more detail, her complaint does not plausibly allege that she provided pre-suit notice to Defendant. And Defendant's "generalized knowledge about the safety concerns of third parties is insufficient to fulfill [plaintiff's] UCC notice requirement." *Connick*, 675 N.E.2d at 590. Complaints from regulators, competitors, or other consumers cannot substitute for Elder's obligation to notify Defendant of her specific complaints prior to filing suit. Because Elder failed to fulfill the UCC's pre-suit notice requirement, her claims for breach of warranty must be dismissed.

Elder's breach of warranty claim under the Magnuson-Moss Warranty Act

("MMWA") also fails. Under the MMWA, a written warranty is a fact or promise that "affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6)(A). The description "All Butter Loaf Cake" makes no claim that the cake is free of defects or will meet a specified level of performance over a specified period of time. *Cf. Greenfield v. Sears, Roebuck & Co.*, MDL-1703, 2012 U.S. Dist. LEXIS 39561, at *9–11 (N.D. Ill. Mar. 22, 2012) (finding that "Made in the USA" is a product description and not a written warranty under the MMWA). Therefore, Elder's claim under the MMWA is also due to be dismissed.

F.    **Fraud**

Defendant argues that Elder's fraud claim should be dismissed because her reliance on the alleged misrepresentation was unreasonable. However, as previously discussed, the Court has found that Elder has adequately alleged that her interpretation and that her reliance on the cake's label was reasonable. Therefore, Defendant's motion to dismiss is due to be denied as to the fraud claim.

G.    **Unjust Enrichment**

Defendant argues that Elder's unjust enrichment claim fails because the cake's label is not misleading in any way. However, as previously discussed, the Court has found that Elder adequately alleged that the label is misleading. Therefore, Defendant's motion to dismiss is due to be denied as to the unjust enrichment claim.

H.    **Wisconsin Claims**

Finally, Defendant argues that Elder's claims under Wisconsin law should be

dismissed because she lacks standing to bring claims on behalf of Wisconsin residents and because she never refers to Wisconsin law in her complaint. Indeed, Elder references Wisconsin only once in her complaint when she says that the proposed class will consist of Illinois and Wisconsin residents. (Doc. 1 at 11). Defendant is correct that Elder makes no reference to Wisconsin law. Therefore, there are no Wisconsin claims to be dismissed. Arguments as to the scope of the proposed class will be addressed when the Court considers class certification. Therefore, this aspect of Defendant's motion to dismiss is due to be denied.

## IV.  CONCLUSION

For these reasons, Defendant's motion to dismiss (Doc. 7) is **GRANTED in part and DENIED in part**. Plaintiff's claims for breach of warranty under Illinois law and the MMWA and any claim for injunctive relief are **DISMISSED**.

**SO ORDERED.**

Dated: March 17, 2022

_____
DAVID W. DUGAN
United States District Judge