IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKI ELDER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:21-cv-00637-DWD ) ) |
| BIMBO BAKERIES USA, INC., | ) ) ) |
| Defendant. | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order ("Joint Motion") (Doc. 24) under Federal Rules of Civil Procedure 7(b) and 26(c). *See* Fed. R. Civ. P. 7(b), 26(c). For the reasons explained below, the Court **DENIES** the Joint Motion, without prejudice, and **DECLINES TO ADOPT** the parties' Proposed Protective Order Governing the Production and Exchange of Confidential Information.

Background

Plaintiff, individually and on behalf of all others similarly situated, filed a Complaint (Doc. 1) against Defendant alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of warranty, breach of the implied warranty of merchantability, violations of the Magnuson Moss Warranty Act, negligent misrepresentation, fraud, and unjust enrichment. *See* 815 ILCS 505/1 *et seq.*; 15 U.S.C. § 2301 *et seq.* Plaintiff's allegations relate to Defendant's allegedly deceptive or misleading labeling and marketing of the ingredients in its baked products. (Doc. 1, generally).

Now, the parties file the Joint Motion, seeking to limit the use and disposition of information and documents produced during discovery. The Joint Motion is based entirely on the statement that discovery "may yield documents and information of a sensitive and confidential nature, including [the] business, commercial, financial, and trade secret information" of Defendant, its subsidiaries, and third parties to the case.

The parties also submit a Proposed Protective Order Governing the Production and Exchange of Confidential Information ("Proposed Order") in the event that the Court grants the Joint Motion. The Proposed Order generally provides that "[d]isclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection may be warranted." The Proposed Order broadly defines confidential information or items as:

> [I]nformation (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including, but not limited to all non-public, confidential, proprietary, or commercially sensitive information; materials constituting or containing trade secrets; confidential research and development information; financial plans, data, or projections; expert studies or analyses; competitive analyses; financial or tax data; sensitive personal, financial, or medical information regarding any current or former employee of any Party; materials subject to any confidentiality or non-disclosure agreement with any third party; or other commercially sensitive or proprietary information that could have a seriously deleterious effect on any Party's competitive position or business opportunities if the information becomes public, such as product formulations, customer lists, pricing information, or marketing strategies and techniques.

A party or nonparty alike is delegated the authority to designate information or a tangible item as confidential. Any disclosure or discovery material designated as confidential then becomes protected material. Any use of protected material at trial or a hearing expressly

requires prior Court action and must be governed by a separate agreement or order. The Proposed Order would remain in effect through the conclusion of the litigation, including any appeals. Even after final disposition, though, the Proposed Order may remain in effect until the party or nonparty who designated the information as confidential agrees, or the Court orders, otherwise. Without written permission from the designating party or nonparty, or an order of the Court, "a party may not file in the public record in this action any Protected Material." Protected material that is filed with the Court, including deposition transcripts, must be designated as protected material and filed under seal.

## Analysis

Under Rule 26(c)(1), parties may move for a protective order from the Court. *See* Fed. R. Civ. P. 26(c)(1). If good cause is shown, the Court may issue an order to protect the parties from annoyance, embarrassment, oppression, or undue burden or expense, including an order that a trade secret or other confidential research, development, or commercial information will not be revealed or will be revealed only in a specified way. *See* Fed. R. Civ. P. 26(c)(1)(G). This rule encourages cooperation in discovery by assuring the safety of sensitive disclosures. *See Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (quoting *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998)). Otherwise, if parties suspected that their trade secrets or confidential information could fall into the wrong hands, they would not cooperate in discovery. *See id.* (quoting *Rossi*, 180 F.R.D. at 340). The Court has the discretion to decide when a protective order is appropriate and the degree of protection required in a case. *See Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Further, even if the parties stipulate to the terms of a protective order, as is true here, the parties must satisfy the good cause requirement contained in Rule 26(c)(1). *See Jepson, Inc. v. Makita Electr. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *accord In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 341 (N.D. Ill. 2008). This is because, under Rule 26(c), the Court's power to issue a protective order is derived from the good cause requirement. *See Jepson*, 30 F.3d at 858. Therefore, when deciding whether to enter a stipulated proposed protective order of the parties, the Court must independently determine whether good cause exists under Rule 26(c). *See id.* The Court cannot, as a substitute for good cause, delegate to the parties "virtual carte blanche" to seal their desired portions of the record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999); *see also E.E.O.C. v. Synergy Health Inc.*, 265 F.R.D. 403, 404 (E.D. Wisc. 2009) (stating the Seventh Circuit has repeatedly invalidated overly broad protective orders that grant the parties "virtual carte blanche" to seal the record). Since the Court is the primary representative of the public interest in judicial proceedings, it must review requests for stipulated protective orders for good cause without acting as a rubber stamp. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944-45 (citing *In re Krynicki*, 983 F.2d 74 (7th Cir. 1992) (chambers opinion); Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 492 (1991)).

In this context, good cause requires a showing that certain disclosures will work a clearly defined and very serious injury to business. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1078 (S.D. Ill. 2006) (citing *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 n. 1 (N.D. Ill. 1993); *Pansy v. Borough of Stroudsburg*, 23

F.3d 772, 786 (3d Cir. 1994)). Broad allegations of harm that are unsubstantiated by specific examples of articulated reasoning will not suffice for a showing of good cause, as there must be a particular and specific demonstration of fact rather than stereotyped or conclusory statements. *See id.* (citing *Culinary Foods*, 151 F.R.D. at 300 n. 1; quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035 (3d ed. 1998 & Supp. 2006)); *see also Wiggins*, 173 F.R.D. at 229 (finding "good cause" signifies a sound basis or legitimate need for judicial action, such that the Court should balance the interests involved, *i.e.*, harm to the movant and importance of public disclosure, by considering a non-exhaustive list of factors under the facts of the case).

Moreover, a protective order "must only extend to 'properly demarcated categor[ies] of legitimately confidential information.'" *Synergy Health Inc.*, 265 F.R.D. at 404 (quoting *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946). Under Rule 26(c)(1)(G), the movants must demonstrate the protection sought is for an actual trade secret or other confidential business information. *See Hamilton*, 204 F.R.D. at 422 (citing *Rossi*, 180 F.R.D. at 340). To keep information out of the public record, the Court must (1) be satisfied that the parties know what a trade secret is and are acting in good faith to identify the parts of the record containing trade secrets or confidential information, and (2) make explicit that a party or interested member of the public may challenge the secreting of documents filed with the Court. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946; *accord Synergy Health Inc.*, 265 F.R.D. at 404; *Northshore Univ. Healthsystem*, 254 F.R.D. at 342.

Importantly, the parties are not the only people with a legitimate interest in the record of a legal proceeding. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944. While

the parties may agree on the manner in which confidential discovery materials will be treated internally, the public has a presumptive right to traditionally public sources of information. *See Synergy Health Inc.*, 265 F.R.D. at 404; *Bond v. Utreras*, 585 F.3d 1061, 1073-74 (7th Cir. 2009). This includes discovery materials filed with the Court, used in a judicial proceeding, or otherwise constituting judicial records. *See Bond*, 585 F.3d at 1073-74. The fact that discovery is used to require litigants to produce private information is not enough to alter the legal rights of the public in these discovery materials. See *id*. at 1075.

Here, the parties have failed to satisfy the standards for a stipulated protective order. As support for good cause, the one-paragraph Joint Motion, which contains no legal citations, presents a single, conclusory statement that discovery "*may* yield documents and information of a sensitive and confidential nature." (Emphasis added). Likewise, the Proposed Order states "[d]isclosure and discovery activity in this action are *likely to involve* production of confidential, proprietary, or private information for which special protection *may* be warranted." (Emphasis added). It is telling that the parties themselves are uncertain about the potential for disclosure of confidential information and the need for protection. Further, while the Proposed Order outlines broad categories of potentially confidential information or items, it does not identify specific documents containing trade secrets and confidential information or elaborate on the potential injury stemming from disclosure. *See In re Bank One Securities Litigation*, 222 F.R.D. 582, 588 (2004) (finding it is not enough for good cause that a party seeking a protective order simply states a document contains a trade secret, as the party must instead attempt to "winnow out" properly confidential information and provide support for the statement that an

6

injury will result from disclosure). Therefore, the Joint Motion and Proposed Order are devoid of clearly defined and serious injuries to Defendant's business, specific examples of articulated reasoning, or particular demonstrations of fact, as necessary for a finding of good cause under Rule 26(c)(1). *See Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1078 (court finding a party's showing of good cause, based solely on the conclusory assertions contained in an attorney's affidavit, was insufficient to warrant a protective order because the alleged injury was "entirely speculative"); *see also Synergy Health Inc.*, 265 F.R.D. at 404 (court finding, *inter alia*, it could not determine good cause for "broad protection[s]" in a stipulated protective order without reviewing any actual documents that might be designated confidential or being provided with a specific need for the protective order).

Further, the Court notes, under the Proposed Order, the parties are improperly delegated the unfettered discretion to designate information or items as confidential. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944-45; *Synergy Health Inc.*, 265 F.R.D. at 404. Upon receiving that designation, the information or item automatically becomes protected material. That protected material then has restricted uses at trial or in hearings, may not be filed in the public record without the designating party's written permission, and must be filed under seal. The Proposed Order may remain in effect, even after final disposition, until a designating party agrees otherwise or there is action by the Court. The Proposed Order also fails to account for the public's presumptive right to traditionally public information, including discovery materials filed with the Court. *See Bond*, 585 F.3d at 1073-75. The Court concludes that the parties have failed to justify the need for such sweeping measures, which grant blanket protections for any information that the parties

7

themselves designate as confidential. *See Synergy Health Inc.*, 265 F.R.D. at 404-05 (court finding, *inter alia*, it could not determine good cause for "broad protection[s]" in a stipulated protective order, where the parties merely delineated general types of information that they may designate as confidential, without limitation to pretrial matters, and allowed the filing of anything deemed confidential to be under seal without an opportunity for members of the public to object to the confidentiality designation).

Finally, as stated above, the parties have not shown they are seeking a protective order for specific trade secrets or confidential business information. *See Hamilton*, 204 F.R.D. at 422. Again, the Proposed Order contains broad categories of potentially confidential information with no articulated definition of a trade secret or explanation of the potential injuries stemming from disclosure.

For the aforementioned reasons, the Court **DENIES** the Joint Motion, without prejudice, and **DECLINES TO ADOPT** the parties' Proposed Order.

**SO ORDERED.**

Dated: August 17, 2022

_____
DAVID W. DUGAN
United States District Judge