IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKI ELDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:21-cv-00637-DWD<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is the parties' Renewed Joint Motion for the Entry of a Stipulated Protective Order ("Renewed Joint Motion") (Doc. 27) under Federal Rules of Civil Procedure 7(b) and 26(c). *See* Fed. R. Civ. P. 7(b), 26(c). The parties also submit a Revised Proposed Order Governing the Production and Exchange of Confidential Information ("Revised Proposed Order"). For the reasons explained below, the Court **GRANTS** the Renewed Joint Motion and **ADOPTS** the Revised Proposed Order attached at Doc. 28-1.

Plaintiff, individually and on behalf of all others similarly situated, filed a Complaint (Doc. 1) against Defendant, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of warranty, breach of the implied warranty of merchantability, violations of the Magnuson Moss Warranty Act, negligent misrepresentation, fraud, and unjust enrichment. *See* 815 ILCS 505/1 *et seq.*; 15 U.S.C. § 2301 *et seq.* Plaintiff's allegations relate to Defendant's allegedly deceptive or misleading labeling and marketing of the ingredients in its baked products. (Doc. 1, generally).

The parties initially filed a Joint Motion for the Entry of a Stipulated Protective Order (Doc. 24) on August 10, 2022. That Joint Motion was based entirely on the statement that discovery "may yield documents and information of a sensitive and confidential nature, including [the] business, commercial, financial, and trade secret information" of Defendant, its subsidiaries, and third parties to the case. (Doc. 24). Similarly, the parties' initial Proposed Order Governing the Production and Exchange of Confidential Information, which was submitted with the initial Joint Motion (Doc. 24), generally provided that "[d]isclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection may be warranted." That Proposed Order, among other things, broadly and generically outlined categories of potentially confidential information or items, granted "unfettered discretion" to parties and nonparties alike to classify information as confidentially protected material, and failed to balance the public interest in traditionally public information against the potential need of the parties to file information under seal. *See Elder v. Bimbo Bakeries USA, Inc.*, 21-637, 2022 WL 3443766, *1, 3-4 (S.D. Ill. Aug. 17, 2022). Therefore, on August 17, 2022, the Court denied the initial Joint Motion, without prejudice, and declined to adopt the associated Proposed Order because the parties failed to satisfy the good cause requirement contained in Rule 26(c)(1)(G) and the Seventh Circuit precedent governing stipulated protective orders. *See id.*; (Doc. 26).

Now, the Renewed Joint Motion states the Revised Proposed Order is necessary because discovery "will require the production of sensitive and confidential documents, such as confidential product recipes, financial plans, data, or projections and other

business, commercial, financial, and trade secret information" of Defendant, its subsidiaries, and third parties. (Doc. 27, pg. 1). The Renewed Joint Motion categories this confidential information into three categories: (1) recipe and formulation information, including the amount and type of ingredients and the research-and-development information relating to recipe or formula changes; (2) strategic marketing information; and (3) financial information concerning revenue, costs, and profits. (Doc. 27, pg. 2).

    Defendant states the first category of confidential information is arguably "the most competitively sensitive information possessed by" Defendant, as it comprises closely guarded trade secrets about product recipes that were developed at a great expense over a period of years. (Doc. 27, pg. 2). As such, the improper disclosure of this information "would have a seriously deleterious effect" on Defendant's competitive position in the marketplace and allow competitors to replicate its products. (Doc. 27, pg. 2). Further, Defendant notes the second category of confidential information includes marketing strategies, plans, and forecasts, which constitute "highly sensitive commercial information." Therefore, Defendant would be injured by the improper disclosure of this confidential information because competitors could "formulate counter-strategies" to Defendant's current and anticipated advertising and marketing strategies. (Doc. 27, pg. 2-3). Finally, Defendant indicates the third category of confidential information relates to the sales, volume, costs, and profitability of the product now at issue. (Doc. 27, pg. 3). That confidential information is maintained as a trade secret since "access to such detailed financials through improper disclosure would provide competitors with an unfair advantage in marketing and positioning against" Defendant's product. (Doc. 27, pg. 3).

In light of this detailed reasoning, the Court **FINDS** the Renewed Joint Motion and Revised Proposed Order satisfies Rule 26(c)(1)(G) and the other authorities cited in *Elder*. *See* Fed. R. Civ. P. 26(c)(1)(G); *Elder*, 21-637, 2022 WL 3443766, at *2-3. The Renewed Joint Motion demonstrates good cause for the Revised Proposed Order under Rule 26(c)(1)(G) by showing disclosures of the above-described information would work a clearly defined and very serious injury to Defendant's business. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1078 (S.D. Ill. 2006) (citing *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 n. 1 (N.D. Ill. 1993); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). As support for this showing, the Renewed Joint Motion cites specific examples of articulated reasoning and makes particular demonstrations of fact, as necessary under Rule 26(c)(1)(G). *See id.* (citing *Culinary Foods*, 151 F.R.D. at 300 n. 1; quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035 (3d ed. 1998 & Supp. 2006)). Further, the Revised Proposed Order extends to " 'properly demarcated categor[ies] of legitimately confidential [business] information' " and defines a trade secret. *See E.E.O.C. v. Synergy Health Inc.*, 265 F.R.D. 403, 404 (E.D. Wisc. 2009) (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)); *see also Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (quoting *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998)).

Importantly, the Renewed Joint Motion notes the Revised Proposed Order corrects the deficiencies, previously identified by the Court, in the initial Joint Motion (Doc. 24) and the associated Proposed Order. *See Elder*, 21-637, 2022 WL 3443766, at *1, 3-4; (Doc.

27, pg. 3). The Revised Proposed Order, *inter alia*, specifically identifies the categories of information subject to designation as confidential, requires the parties to "take care to limit any such designation to specific material that qualifies under the appropriate standards," imposes an obligation to notify others of and withdraw information improperly designated as confidential, and allows nonparty members of the public to challenge confidentiality designations. (Doc. 27, pg. 3). Having confirmed these aspects of the Revised Proposed Order, the Court **FINDS** the parties have rectified the issue related to their "unfettered discretion" to classify information as confidentially protected material. *See Elder*, 21-637, 2022 WL 3443766, at *4; *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944-45; *Synergy Health Inc.*, 265 F.R.D. at 404. Likewise, the Court **FINDS** the parties have balanced the public interest in traditionally public information against the potential need to file information under seal. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944-46; *Synergy Health Inc.*, 265 F.R.D. at 404; *Bond v. Utreras*, 585 F.3d 1061, 1073-75 (7th Cir. 2009).

Accordingly, the Court **GRANTS** the Renewed Joint Motion and **ADOPTS** the Revised Proposed Order separately docketed at Doc. 28-1.

**SO ORDERED.**

Dated: September 12, 2022

_____
DAVID W. DUGAN
United States District Judge