IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKI ELDER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:21-cv-00637-DWD ) ) |
| BIMBO BAKERIES USA, INC., | ) ) |
| Defendant. | ) ) |

**AMENDED SCHEDULING ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Amend the Case Schedule ("Motion") (Doc. 29). Defendant argues fact discovery revealed it only uses butter, not another fat, for purposes for which butter can be used in its product, such that Defendant's product contains no artificial butter flavoring. (Doc. 29, pg. 2). In other words, Defendant argues the packaging of its product is truthful, rendering the uncontested facts dispositive of Plaintiff's claims. (Doc. 29, pg. 2). Therefore, Defendant asks that the Court defer litigation of class certification issues and instead set a summary judgment briefing schedule.

Upon considering this argument and those presented by Plaintiff in her Response in Opposition to the Motion (Doc. 32), the Court **FINDS** good cause exists for a grant of Defendant's Motion. *See Alioto v. Town of Lisbon*, 651 F. 3d 715, 720 (7th Cir. 2011) (stating, upon a request to modify a scheduling order, the primary consideration for good-cause is the diligence of the requesting party). Within the time allowed by Federal Rule of Civil Procedure 56(b), Defendant purportedly assessed the factual record and, at a time when

the operative Scheduling and Discovery Order contemplated only certification issues, filed the Motion for a summary judgment briefing schedule.[1] In light of Defendant's argument, the Court notes that a summary judgment briefing schedule could serve the interests of efficiency, economy, and timeliness. Accordingly, the Court, in an exercise of its "considerable discretion to manage [its] docket," defers class certification issues until the completion of a summary judgment briefing schedule. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012); *accord Stevens v. U.S. Dep't of State*, 20 F.4th 337, 341 (7th Cir. 2021); *see also Brewer v. Wal-Mart Stores, Inc.*, No. 1-50357, 2003 WL 2148358, *2 (N.D. Ill. June 19, 2003) ("[I]t is within the judge's discretion to modify the schedule where there is a showing of good cause, or where he sees that modification is appropriate."). The Court emphasizes that it has not foreclosed any class certification issue. If necessary, the Court will set a class certification schedule upon the completion of the schedule outlined below. The operative Scheduling and Discovery Order is **AMENDED** as follows:

1. Defendant's Motion for Summary Judgment is due **December 9, 2022**.

2. Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment is due **January 27, 2023**.

3. Defendant's Reply in Support of its Motion for Summary Judgment is due **February 24, 2023**.

---

[1] The operative Amended Scheduling Order provides: fact discovery was due September 16, 2022; Plaintiff's Motion for Class Certification was due October 14, 2022; Plaintiff's Opening Expert Report in Support of its Motion for Class Certification was due October 14, 2022; Defendant's deadline to depose Plaintiff's expert is November 18, 2022; Defendant's Memorandum in Opposition to Class Certification is due December 16, 2022; Defendant's Expert Report in Opposition to Class Certification is due December 16, 2022; Plaintiff's deadline to depose Defendant's expert is January 20, 2023; Plaintiff's Reply Memorandum is due February 17, 2023; and a Class Certification Hearing will be set by separate notice. (Doc. 23).

4. Any Hearing on the Motion for Summary Judgment will be set by separate notice.

5. All deadlines relating to Plaintiff's Motion for Class Certification are **CONTINUED** until after the completion of the Scheduled outlined above.

**SO ORDERED.**

Dated: October 26, 2022

/s David W. Dugan
_____
DAVID W. DUGAN
United States District Judge